UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:14-CR-83-DBH-01 |
| | ) | |
| F. WILLIAM MESSIER, | ) | |
| DEFENDANT | ) | |

**ORDER ON DEFENDANT MESSIER'S MOTIONS TO SEVER AND *IN LIMINE***

The defendant Messier's motion to sever (ECF No. 80) is **DENIED**. The defendant agrees that the two defendants in this income tax prosecution were properly joined under Fed. R. Crim. P. 8. The question is whether severance is required under Rule 14. I conclude that it is not. The defendant has two primary arguments: (1) That in light of previous filings his co-defendant will behave improperly and prejudice the case; and (2) That the two defendants have inconsistent defenses.

As to the first argument, the co-defendant Robinson has accepted Attorney Joel Vincent to represent him and there have been no further improper filings. If something changes, that will be the time to re-examine this issue.

As for the inconsistent defenses argument, Messier's defense will be that he believed, erroneously but in good faith and largely on the co-defendant Robinson's teachings, Def. Messier's Mot. to Sever at 5, that he was not required to pay taxes. He predicts that the co-defendant Robinson's defense will be that

Robinson's was not just a good-faith error but that in fact the law did not require either of them to pay taxes. Messier is concerned that I will instruct the jury that Robinson's position is not legitimate, id., and that instruction will prejudice "Messier's legitimate defense that he sincerely believed Robinson's position." Id. If such an instruction is indeed called for (that determination awaits trial), it seems likely that it would apply whether the two defendants are tried together or separately. Moreover, a jury is capable of differentiating the good faith belief of one defendant from that of another. I see no basis under First Circuit caselaw to sever this tax conspiracy case. See, e.g., United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010) (hurdle particularly high in conspiracy cases, and there must be a serious risk of compromising a specific trial right or preventing the jury from making a reliable judgment).

In response to the defendant Messier's motion *in limine* (ECF No. 81), the government asserts that "at this point, [it] has no plans to offer the evidence that Messier now seeks to exclude. The Government has never indicated to opposing counsel that it intended to offer the assault evidence or the failure to support evidence. Moreover, although the Government provided Rule 404(b) notice with respect to certain evidence that it does intend to introduce at trial, the assault and failure to support evidence was not included in that notice." Gov't's Response in Opp'n to Def. Messier's Mot. in Limine at 3 (ECF No. 84). On this representation, I conclude that the motion is **MOOT** at this time. Although the government reserves the right to try to introduce the evidence if the defendant "opens the door through cross-examination," it states that it will notify opposing

counsel and the court before it does so.  The government is bound by these commitments.

**SO ORDERED.**

**DATED THIS 9TH DAY OF FEBRUARY, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**